STATE EX REL. KEIFFER BROS. VS. JUDGE FIFTH DISTRICT.

CLINTON, J. A mandamus cannot issue from the Circuit Court to compel a District Judge to grant a writ of injunction, attachment or sequestration. 28 An. 905; 31 An. 734; Manning's Cases, p. 318. Where a Judge refuses to grant such orders, the remedy of the applicant is either by appeal to this Court, or an application to the Supreme Court to compel the Judge, under its supervisory powers, to grant the proper order. Const. Art. 90; 32 An. 549; 36 An., Murray vs. Lazarus, Judge.

R. J NELSON VS. A. H. BERNHARDT.

GUNBY, J. Where plaintiff sued for possession of property and for damages for its unlawful detention by defendant, and obtained judgment for the property, but rejecting his demand for damages, and he appeals, his receiving the property, which defendant voluntarily tenders to him pending the appeal, is not such an acquiescence in the judgment as will vacate the appeal. In the case of Stinson vs. O'Neal, 32 An. 947, there was an active exercise and assertion of rights under the judgment, not a mere passive or negative submission to a discharge of the judgment by the other party.

R. G. COBB VS. J. E. McGUIRE, SHERIFF, ET AL.

CLINTON, J. Under Section 8 of Act 98 of 1882, four months time was given to delinquent taxpayers in which to confess judgment and settle their taxes, as therein provided, and the sheriff could not advertise the property during that time.

2. By Section 15 of said Act 98, all penalties, etc., due on taxes prior to January 1st, 1880, are remitted; this Section is not in conflict with the Constitution, which revived said penalties and placed them on the same footing as they were before the Constitution was adopted. The legislature, unlike Congress, which can do nothing which the Federal Constitution does not authorize, may do everything which the State Constitution does not prohibit. 9 R. 411; 12 An. 169.